DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/16/19

**BALLON STOLL BADER & NADLER P.C**
COUNSELLORS AT LAW                FOUNDED 1931

729 SEVENTH AVENUE
17TH FLOOR
NEW YORK, NY 10019
Ph: 212-575-7900

www.ballonstoll.com

13 December 2019

DANIELLE K. CONN ROSENBERG
(212) 575-7900 ext. 3319
drosenberg@ballonstoll.com

**VIA ECF**

Honorable Collen McMahon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York NY 10007

Re:  Dietrich v. City of New York, et al.
     Civil Action No. 18-cv-07544(CM)
     Our File No. 20774.001

*[Handwritten annotation: 12/16/2019 — No such order will issue. Just re-take the EBT. Impeachment permitted.]*

Dear Judge McMahon:

We represent the Plaintiff, Keith Dietrich, in the above-referenced action. Pursuant to the courts electronic order of November 27,.2019 [Dkt entry79], Your Honor ordered that Plaintiff shall appear to have his deposition re-taken because the transcript of the original deposition taken of plaintiff on September 11, 2019, cannot be located by the Diamond court reporting service that defense counsel retained.

Plaintiff raises several concerns with regard to this rather unique situation, and the possibilities of prejudice to the plaintiff. Danielle Dandridge, Esq., counsel for defendants, conducted the original deposition of plaintiff on September 11, 2019, During the deposition, I observed that Ms. Dandridge took copious notes regarding Plaintiff's original testimony. As such, we respectfully request that Your Honor issue reasonable limiting instructions to prevent the use of Defense counsel's notes of Plaintiff's prior testimony at the initial, September 11th deposition, or the prior testimony itself as recalled by defense counsel; and to prevent any attempts to impeach Plaintiff's testimony at his second deposition by referencing testimony from his first deposition. Such reference to previous testimony can be used as a *de facto* means to "cross examine" Plaintiff at his second deposition.

If defense counsel, or a colleague of another defense counsel takes plaintiff's second deposition, and is permitted to use such notes, and/or prior testimony then defense counsel will, in effect, be utilizing prior testimony in an effort to procure his subsequent testimony. It is submitted that this situation presents an opportunity for an unfair

advantage for defendants where Plaintiff may or may not present testimony exactly as defense counsel has recorded or remembers it and, in effect, can trigger a credibility issue where plaintiff's veracity may be called into question.

A second issue concerns the potential of the original deposition transcript surfacing after the second deposition has been completed. We respectfully request that Your Honor order that the second deposition be considered plaintiff's sole deposition; and that the first deposition of Plaintiff shall be deemed null and void for all purposes.

In conclusion, as further articulated above, Plaintiff respectfully requests limiting instructions regarding defense counsel's use of Plaintiff's prior testimony from his September 11, 2019 deposition, and the future use of the transcript of the first deposition if it shall become available after Plaintiff's deposition is retaken. Finally, Plaintiff respectfully requests that he be awarded costs to cover the additional time that his attorneys must spend in preparing for and attending his second deposition, necessitated by the inability of Defendants' court reporting company to produce the transcript of Plaintiff's first deposition on September 11, 2019.

Respectfully submitted,

*s/Danielle Conn Rosenberg*
DANIELLE K. CONN ROSENBERG, Esq. (DR 0625)

cc: Marshall B. Bellovin, Esq (via ECF)
Danielle M. Dandridge, Esq. (via ECF)
Dominique Saint-Fort, Esq. (via ECF)