

JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007-2601

DANIELLE M. DANDRIGE
*Senior Counsel*
Phone. (212) 356-0889
Fax: (212) 356-8760
Email: ddandrig@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/29/2020

MEMO ENDORSED

January 29, 2020

**By ECF**

Honorable Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:  Dietrich v. The City of New York et al.,
     18 CV 7544 (CM)

Dear Judge McMahon:

    I am the Assistant Corporation Counsel assigned to represent defendants in the above-referenced matter. I write, with the consent of plaintiff, to respectfully request that defendants be permitted to file certain documents under seal and redact certain information from the publicly filed Rule 56.1 Statement and documents in support thereof, and which contain that is law enforcement sensitive and implicates the personal privacy interests of third parties and plaintiff. This application is made in anticipation of the defendants' motion for summary judgment motion, and which contain information that is law enforcement sensitive. Pursuant to the Court's December 13, 2019 Order [ECF Docket No. 83], the defendants' summary judgment motion must be filed February 3, 2020. Defendants are prepared to file their summary judgment motion on February 3, 2020; however, should the Court require defendants' file a formal motion to seal the identified documents and deposition testimony, defendants request permission to file the motion to seal on February 3, 2020, and that defendants' time to file their summary judgment motion be extended until the court decides defendants' motion to seal[1].

    The documents and information are: (1) plaintiff's New York City Police Department Personnel Profile Report, which contains a detailed summary of plaintiff' personal

---

[1] Defendants are prepared to serve Plaintiff with a copy of the summary judgment motion on February 3, 2020, and would seek only an extension of time to file the summary judgment motion.

---

*Handwritten annotation:* 1/29/2020 You have waited until the last second to alert me to this issue. File under seal, w/o prejudice to my concluding, on a proper motion filed by plaintiff, or detail the "privilege" asserted and why sealed material cannot be put into a proper form. Violates privilege. File the material under seal. Shall be under seal.

*(signed)* C. McMahon

information and his employment history with the New York City Police Department; (2) emails setting forth the assignments of officers assigned to the Executive Protection Unit, which in turn reflect the detailed movements, accommodations, and places of recreation of Mayor Bill DeBlasio and his family, and other officials such as the Mayor of Chicago and the Mayor of Jerusalem; and (3) deposition testimony explaining the composition and protection measures used by the Executive Protection Unit and Uniformed Operations Unit, which are units within the Municipal Security Section of the New York City Police Department's Intelligence Bureau to ensure the security of the Mayor, City Hall, Gracie Mansion and other domestic and foreign officials.

Although defendants understand the presumption in favor of providing public access to judicial documents, this is precisely the sort of instance where filing documents under seal is appropriate. See Under Seal v. Under Seal, 273 F. Supp. 3d 460, 467-68 (S.D.N.Y. 2017) ("A party may overcome the presumption of access by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests, the public's safety, or preservation of attorney-client privilege.") (citing United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008); see also United States v Amodeo, 71 F.3d 1044, 1050-51 (2d Cir. 1995). Requiring the documents at issue to be publicly filed would undermine the privileges being asserted. In light of the foregoing, defendants respectfully request that the Court permit defendants to file the identified documents under seal and to redact any cited deposition testimony conveying such information from the publicly filed Rule 56.1 Statement.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/

Danielle M. Dandrige
Assistant Corporation Counsel

cc: Danielle Rosenberg (by ECF)
BALLON STOLL BADER NADLER
*Attorneys for Plaintiff*